UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN LUCKETT, <br>                Plaintiff(s), <br> vs. <br> NEVADA SUPREME COURT, et al., <br>                Defendant(s). | Case No. 2:15-cv-00169-JCM-NJK <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on January 29, 2015. *Id.* This proceeding was referred to this Court by Local Rule IB 1-9. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice to his seeking relief with the proper court.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a Court additionally screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff asserts that the decisions of the Nevada Supreme Court and Court of Appeals of Nevada violated the Fourteenth Amendment. *See* Docket No. 1-1 at 3.[1] Plaintiff seeks to have this Court "review" those decisions. *See id.* Plaintiff has not identified any statutory source to support appellate jurisdiction in this Court. To the extent Plaintiff is seeking review of the decisions of the Court of Appeals of Nevada, he should do so by filing the appropriate papers with the Nevada Supreme Court. *See* Nevada Rule of Appellate Procedure 40(B)(a) (effective January 20, 2015) ("A party aggrieved by a decision of the

---

[1] On January 6, 2015, the Nevada Supreme Court issued various orders referring Plaintiff's various appeals to the Court of Appeals of Nevada. *See* Docket No. 1-1 at 5-7. On January 21, 2015, the Court of Appeals of Nevada resolved those appeals. *See id.* at 8-14.

Court of Appeals [of Nevada] may file a petition for review with the clerk of the [Nevada] Supreme Court"). If Plaintiff wishes to have a higher court review decisions rendered by the Nevada Supreme Court, he must petition the United States Supreme Court to hear his case. *See* 28 U.S.C. § 1257(a) ("[f]inal judgments . . . rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari"). This Court does not have appellate jurisdiction to review the decisions of the Court of Appeals of Nevada or the Nevada Supreme Court.

## II.   CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice to his seeking relief with the proper court.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: January 30, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge